Sjohed, J.,
delivered the opinion of the court:
The bill is brought by the surety on a guardian bond against the guardian, the co-security of the complainant, and the sureties on a former bond, and other parties, for the purpose, among other tilings, of compelling contribution from the sureties on the former bond to aid the com *592 plainant in discharging an anticipated recovery against Mm on account of the indebtedness of his principal to his ward. The bill does not ailege that the complainant has yet made any payment on account of his said principal, but only that suit has been instituted against the complainant with a view to hold him liable. The proceeding, as against the sureties on the former bond, is based upon the provisions of (he Act of 1809, ch. 69, sec. 3, which is embodied in the Code in the words following:
“The sureties in either bond, who have been compelled to make payments thereon for the principal, have the same remedies against the sureties in all the bonds in force at the time of the default, as co-sureties in the same bond have against each other, the recovery being properly proportioned, according to the penalties of the several bonds:” Code, sec. 86T8 [Shannon’s Code, sec. 5448].
The remedy in favor of co-securities on the same bond was first given by the Act of 1809, ch. 69, as follows: “A -co-surety against whom judgment has been rendered for the whole debt, or who has paid more than his ratable share of such judgment, may have judgment, on motion, against all the other parties to the instrument not included in the original judgment for the ratable share of each.” Code, sec. 3625. This was amended by the Act of 1870, ch. 99, by interpolating the words, “or who has paid the same, and, whether included in the original judgment or not,” so as to read thus: “A co-surety against whom judgment lias been rendered-for the whole debt, or who hgs paid the same, or more than Ms ratable share of said judgment, may have judgment, on motion, against all of the other parties 10 the instrument, whether included in the original judgment or not, for the ratable share of each.” Code, sec. 3625a [Shannon’s Code, sec. 5390, where the types interpolate in the fifth line, the words, “original instrument or the,” which should be stricken out]. It is clear that the remedy thus given to the surety on either of the several *593 bonds of a guardian is confined to cases where actual payment has been made. Tlxe bill in this case not only fails to allege such payment, but its allegations actually negative the fact of payment, and it is manifest that payment being the condition precedent to the summary remedy at law, no remedy exists in a court of chancery, unless some extraordinary equities are set up which would bring the case within the principle which would authorize the quia timet proceeding. We cannot see that any such extraordinary equities are apparent in this case. The successive biennial bonds of the guardian under our statutes are cumulative securities for the protection of the ward. The renewal bond does not discharge the old one, but the liability of all the sureties upon the several bonds continues, and under the Act of 1841, ch. 117, the default of the principal must be enforced upon the'several bonds in the inverse order of their execution, the sureties on the last bond being first liable. In this case it is not necessary to inquire whether this order of liability has been abrogated or changed by any subsequent legislation or judicial construction. [Tljis order of liability remains the law of this state. See notes under sec. 4265 of the Code.] It is enough to say in this case that the right to contribution under the statute accrues from and by the actual payment by the surety. And this is not only the plain import of the statute, but it is the doctrine of the court of equity also. 1 Story Eq. Jur., sec. 492 et seq.
We must hold, therefore, that this bill, so far as it seeks contribution from the defendants, Parker and Meeks, was prematurely brought, and the demurrer was properly allowed.
Affirm the decree, and remand the cause for further proceedings.